UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RORY L.,<br><br>  Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>  Defendant. | Case No.: 20cv1499-MDD<br><br>**ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>(ECF No. 2) |

On August 3, 2020, Plaintiff Rory L. ("Plaintiff") filed this social security appeal pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), challenging the denial of Plaintiff's application for disability insurance benefits and supplemental security income disability benefits. (ECF No. 1). Plaintiff simultaneously filed a motion to proceed *in forma pauperis* ("IFP"). (ECF No. 2). For the reasons set forth herein, the Court **GRANTS** Plaintiff's motion to proceed IFP.

## DISCUSSION

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus,

must pay a filing fee of $400.[1]  *See* U.S.C. § 1914(a).  An action may proceed despite plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  "To proceed [IFP] is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).  A party need not be completely destitute to proceed IFP.  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948).  But "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or remonstrances of a suitor who is financially able, in whole or in part, to pull his own oar."  *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

As such, "the facts as to [an] affiant's poverty" must be stated "'with some particularity, definiteness, and certainty.'"  *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).  "It is important for litigants applying to proceed without prepaying fees and costs to accurately and honestly report their income, assets, and expenses[.]"  *Archuleta v. Arizona*, No. CV 19-05466 PHX CDB, 2019 U.S. Dist. LEXIS 186262, at *1 (D. Ariz. Oct. 25, 2019).  An applicant must "[c]omplete all questions" in his application and "not leave any blanks[.]"  *Id*.

Plaintiff receives $2,000.00 a month in income and has a checking account with $100.00 in it.  (ECF No. 2 at 1-2).  Additionally, Plaintiff owns a vehicle valued at $5,000.00, but still owes $2,000.00 on it.  (*Id*. at 3).  Plaintiff

---

[1] In addition to the $350.00 statutory fee, civil litigants must pay an additional administrative fee of $50.00.  *See* 28 U.S.C. § 1914(b) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016)).  The additional $50.00 administrative fee does not apply to persons granted leave to proceed IFP.  *Id*.

1  also reports $4,750.00 in monthly expenses.  (*Id.* at 4).  Plaintiff's affidavit
2  sufficiently shows Plaintiff is unable to pay the fees or post securities
3  required to maintain this action because his expenses exceed his income.

## CONCLUSION

Accordingly, the Court **GRANTS** Plaintiff's motion to proceed IFP.  The Court has also reviewed Plaintiff's complaint and concludes it is not subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B).

**IT IS SO ORDERED.**

Dated:   August 4, 2020

_____
Hon. Mitchell D. Dembin
United States Magistrate Judge